IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BARRY D. LONDON,　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #088701

v.　　　　　　　　　　　3:21CV00197-DPM-JTK

BRUSH-STRODE, et al.　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## ORDER

Barry D. London ("Plaintiff") has filed a Motion to Amend Complaint. (Doc. No. 40). For the reasons set out below, Plaintiff's Motion (Doc. No. 40) is DENIED without prejudice.

Plaintiff is an inmate at the North Central Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se action under 42 U.S.C. § 1983 against multiple individuals employed by the ADC or providing medical services at the North Central and Ouachita Units of the ADC. (Doc. No. 2). This Court granted Plaintiff's Motion to Proceed in forma pauperis on September 23, 2021, and directed him to submit an Amended Complaint. (Doc. No. 5).

Plaintiff filed an Amended Complaint on October 4, 2021. (Doc. No. 6). The Court screened Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and recommended certain of Plaintiff's claims be dismissed. (Doc. No. 7). While the Court's recommendation was pending, Plaintiff filed a Second Amended Complaint. (Doc. No. 10). The Court withdrew its recommendation (Doc. No. 12) and screened Plaintiff's claims, as set out in his Amended Complaint and Second Amended Complaint, together. (Doc. No. 14). The Court directed service of some of Plaintiff's claims and recommended other claims be dismissed. (Id.) Plaintiff now seeks leave to file a Third Amended Complaint. (Doc. No. 40).

"The court should freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). After a thorough review of Plaintiff's 115-page (including attachments) Third Amended Complaint, the Court finds amendment would be futile.

Plaintiff's Third Amended Complaint would not correct the deficiencies present in his Second Amended Complaint. For example, the official capacity damages claims in Plaintiff's Third Amended Complaint remain barred by the Eleventh Amendment. As further example, Plaintiff again makes conspiracy and retaliation claims, but those claims fail for the same reasons described in the pending recommendation. (Doc. No. 14). Similarly, Plaintiff's claims regarding charges for medical care fail for the same reasons described in the pending recommendation. (Id.) The same holds true for the other claims in Plaintiff's Second Amended Complaint that the Court recommended be dismissed.

In his Third Amended Complaint, Plaintiff seeks to cure the deficiencies in his claims against Defendants Wilson, Schubert, and Sight, and now refers to Defendant Brush-Strode as a hostile witness; Brush-Strode is no longer named as a Defendant. (Doc. No. 40 at 14-15). Plaintiff's allegations against Wilson, Schubert, and Sight are couched in Plaintiff's conspiracy claim and otherwise do not provide factual detail to state a claim for deliberate indifference.

Plaintiff added three Defendants in his Third Amended Complaint: Warden Michelle Gray; Deputy Warden Steven Ricketts; and Classification Officer Cowgill. Some of Plaintiff's allegations against Warden Gray and Deputy Warden Ricketts are in connection with them being another Defendant's supervisor, without any indication of individual behavior that could be interpreted as violating Plaintiff's rights. (See Doc. No. 40 at 15) ("Defendant Classification Official Mrs. Cowgill, B. that work under Defendant Warden Mrs. Gray, Michelle and Defendant Deputy Warden Mr. Ricketts, Steven . . . ."). These supervisory allegations fail to state a claim under 42 U.S.C. § 1983. See Wise v. Lappin, 674 F.3d 939, 942 (8th Cir. 2012).

Plaintiff makes other allegations against Deputy Warden Ricketts, including conspiracy and claims about a false disciplinary, and among others. (Doc. No. 40 at 16). But Plaintiff's

claims are not entirely clear, and the Court is unable to determine which personal actions of Deputy Warden Ricketts may have violated Plaintiff's rights.

Plaintiff's additional allegations against Warden Gray likewise fail to state a claim. Plaintiff alleges Warden Gray denied him medical treatment after a "bat-flyin' mammal came out [of the] vent in cell #8." (Doc. No. 40 at 17). But Plaintiff does not say what medical need he had that was allegedly ignored. Plaintiff also alleges conspiracy. That claim, however, is insufficiently pled to survive PLRA screening. Plaintiff's remaining claims against Warden Gray are unclear.

Plaintiff alleges Classification Officer Cowgill assigned him to an upper tier despite a medical restriction and allowed Defendants Johnson, Glenn and Smith to disregard a medical restriction. Plaintiff, however, alleged Ms. Cowgill carried out these actions as part of a conspiracy. (Doc. No. 40 at 15). Those claims would fail screening.

As to the claims the Court served, Plaintiff's Third Amended Complaint largely reiterates the allegations he already has made.

The Court cautioned Plaintiff that an amended complaint "'ordinarily supersedes the original and renders it of no legal effect.'" (Doc. No. 5) (citing In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996)). As the Court reads Plaintiff's Third Amended Complaint, Plaintiff generally couched his factual allegations as part of a conspiracy. Even liberally construed, Plaintiff has not established conspiracy. While leave to amend should be granted freely when justice so requires, for the reasons set out above amendment in this instance would be futile. Accordingly, Plaintiff's Motion to Amend Complaint (Doc. No. 40) is DENIED without prejudice.

IT IS SO ORDERED this 21st day of December, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE